OPINION OF THE COURT
Guy P. De Phillips, J.
In this Family Court Act article 3 — juvenile delinquency proceeding, respondent admitted at the fact-finding hearing that on or about February 24, 1987 he committed an act which if committed by an adult would constitute the crime of "[unauthorized use of a vehicle in the third degree” (Penal *115 Law § 165.05 [1]), a class A misdemeanor. At the conclusion of the fact-finding hearing, respondent requested that the proceeding be "adjourned in contemplation of dismissal” pursuant to Family Court Act § 315.3. This request was joined in by the "presentment agency” who is responsible for presenting the juvenile delinquency petition. It is undisputed that respondent who is 15 years of age has no prior contacts with the Family Court in the context of a juvenile delinquency or PINS (whether a person is in need of supervision) proceeding. The conditions advanced by the presentment agency and adopted by the court for governing the period of the adjournment are that respondent obey the reasonable commands of the aunt and uncle who have custody of him, go to school regularly and not engage in delinquency or PINS-type behavior.
While acknowledging that respondent has no prior contacts with the court, the Probation Department representative took the position that pursuant to Family Court Act § 351.1 (2) the court must order a probation investigation prior to exercising discretion to adjourn the proceeding in contemplation of dismissal and that such report is mandated even where the circumstances indicate that an adjournment in contemplation of dismissal is proper. To restate: the Probation Department declared its policy to be that a probation investigation must be ordered in every case where a fact finding is made that the respondent committed an act constituting a felony or misdemeanor. In view of the novelty of this policy and to clarify the interrelationship of the relevant statutory enactments, the court determined to issue this decision.
Family Court Act § 315.3 (1) provides in pertinent part: "Except where the petition alleges that the respondent has committed a designated felony act, the court may at any time prior to the entering of a finding under section 352.1 and with the consent of the respondent order that the proceeding be 'adjourned in contemplation of dismissal’. An adjournment in contemplation of dismissal is an adjournment of the proceeding, for a period not to exceed six months, with a view to ultimate dismissal of the petition in furtherance of justice” (emphasis supplied). In plain language this statute vests discretion in the Family Court to adjourn the proceeding in contemplation of dismissal at any time, prior to finding that the respondent is a juvenile delinquent. This latter finding, if made, occurs at the conclusion of the dispositional hearing.
Subdivision (2) of section 351.1 of the Family Court Act does not detract from this expressed grant of discretionary power. *116 Prior to its most recent amendment this subdivision mandated that: "[fallowing a determination that a respondent committed a felony and prior to the dispositional hearing, the court shall order a probation investigation” (emphasis supplied). As now amended (L 1985, ch 880), the subdivision reads in pertinent part: "[fjollowing a determination that a respondent committed a crime and prior to the dispositional hearing, the court shall order a probation investigation” (emphasis supplied). Of course the language employed in the statute reflecting a determination made in an article 3 proceeding that respondent committed a "felony” or a "crime” is a legislative oversight because respondents in juvenile delinquency proceedings may not be found to have committed a crime (felony or misdemeanor) but instead may be found, where warranted, to have committed "an act that would constitute a crime [felony or misdemeanor] if committed by an adult” (Family Ct Act § 301.2 [1]). In mandating a probation investigation for dispositional hearing purposes the Legislature was primarily concerned with preventing "unnecessary out of home placement of delinquent youths” and facilitating "the delivery of community-based social services by voluntary or public agencies” (L 1985, ch 880, § 1). In other words, the needs and best interests of the respondent are the focus of the amendment, it being "understood that this legislation shall not interfere with the presentment agency’s paramount responsibility to protect the safety of the community” (see, L 1985, ch 880, § 1, legislative findings and declarations). It is again noted that the presentment agency in the instant proceeding acquiesced in respondent’s application to adjourn in contemplation of dismissal.
A dispositional hearing is "a hearing to determine whether the respondent requires supervision, treatment or confinement” (Family Ct Act § 301.2 [7]). At the conclusion of the dispositional hearing the court must dismiss the petition if it determines that the respondent does not require supervision, treatment or confinement. However, if it determines that the respondent does require supervision, treatment or confinement, the court must enter a finding that respondent is a juvenile delinquent and order an appropriate disposition pursuant to Family Court Act § 352.2. The dispositional alternatives set forth in section 352.2, from least to most restrictive, are conditional discharge, probation, placement and restrictive placement. Patently, the ineluctable conclusion is that an adjournment in contemplation of dismissal is not a disposi *117 tional alternative. It is this salient fact which militates against the Probation Department’s policy of objecting to adjournments in contemplation of dismissal post-fact finding without a probation investigation being ordered.
It is noteworthy that the section authorizing the adjournment in contemplation of dismissal is placed "in the context of motions to dismiss or otherwise test the petition” (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 315.3, at 359).
Finally, the court notes that it is mandated to order a probation investigation only where a finding has been made that respondent committed an act which if committed by an adult would constitute a crime and the proceeding is adjourned for a dispositional hearing. If the proceeding is adjourned for a purpose other than a dispositional hearing, to wit, an adjournment in contemplation of dismissal, no probation investigation need be ordered. Of course, this does not prevent the court from ordering such investigation where appropriate even though an adjournment in contemplation of dismissal is granted or contemplated.
In the instant proceeding, in view of the fact that respondent had no prior contacts with the court in terms of alleged delinquency or PINS behavior, the respondent’s age, the nature of the respondent’s act, and the acquiescence of the presentment agency, the court adjourned this proceeding in contemplation of dismissal for six months effective April 2, 1987 without a probation investigation.